IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LESTER JON RUSTON, | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | |
| vs. | Case No. 2:07-CV-929-TS |
| CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS et al., | District Judge Ted Stewart |
| Defendants. | Magistrate Judge Paul M. Warner |

Federal prisoner, Lester Jon Ruston, filed a civil rights complaint, against defendants Church of Jesus Christ of Latter-Day Saints; several individuals, apparently in their capacity as Church leaders; other individuals, who appear to be Ruston's family members; the State of Texas; and a safe company.[1]  As discussed below, the Court concludes that Ruston must pay the filing fee before this case can proceed.

The *in forma pauperis* statute authorizes a court to let an indigent prisoner file a complaint in federal court without prepaying the filing fee.[2]  But, it also restricts those who have repeatedly filed complaints that are frivolous or fail to state a valid claim.  The relevant portion of the statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which

---

[1]  The court construes these pro se filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[2]  *See* 28 U.S.C.S. § 1915(a) (2008).

relief may be granted, unless the prisoner is under imminent danger
of serious physical injury.[3]

"These fee provisions are intended 'to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'"[4]

The Court previously granted Ruston permission to proceed here under § 1915, without prepaying his court filing fee.[5]  At that time, however, the court was unaware that Ruston had filed numerous complaints in the United States District Court for the Northern District of Texas that were dismissed as frivolous or barred by the "three-strikes" provision of § 1915(g).[6]  As observed by the Tenth Circuit, "a federal court may take notice of proceedings in other federal courts when those proceedings are relevant to matters at issue."[7]

Section 1915(g) applies here because (1) Ruston was a prisoner when he filed this complaint; and (2) he has filed three or more prior cases in federal court that have been dismissed as frivolous.  The language of section 1915(g) is mandatory.  Thus, a federal prisoner who falls within the three-strikes provision is required to prepay the entire filing fee before his claims may proceed.[8]

---

[3]  *Id.* § 1915(g).

[4]  *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (quoting *In re Smith*, 114 F.3d 1247, 1249 (D.C. Cir. 1997)).

[5]  *See* Docket No. 2.

[6]  *See Ruston v. Church of Jesus Christ of Latter-Day Saints*, No. 2:06-CV-526-DB, 2007 WL 2332393, * 1 (D. Utah Aug. 13, 2007).

[7]  *White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998) (citing *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

[8]  *See Kinnell v. Graves*, 265 F.3d 1125, 1127 (10th Cir. 2001).

Ruston argues that he is not a "prisoner" within the meaning of the statute. He states that he is a "civil detainee." Ruston's argument is unavailing, however, because a "prisoner" within the meaning of section 1915 includes "any person incarcerated or detained in any facility who is *accused of* . . . violations of criminal law.[9] Ruston clearly fits within this category.[10]

In an attempt to avoid the operation of section 1915(g), Ruston alleges that he "is in imminent danger of serious physical injury"--e.g., defendants have conspired, threatened, and/or tried to assault, murder, and/or torture him. Ruston's allegations concerning imminent danger are conclusory and lack any supporting facts whatsoever. For example, he does not state the nature of the imminent danger of serious physical injury that he is allegedly facing, who attempted to murder him, the circumstances under which the murder attempts occurred, or the time frame. Other than conclusorily alleging the existence of a conspiracy, Ruston has provided no facts to suggest that any of the named defendants somehow present an imminent danger of serious physical injury or that any of them are in a position to prevent such an injury from occurring.

In this regard, the court also notes that Ruston repeatedly alleged "imminent danger" in complaints filed in the Northern District of Texas. However, the district court determined that Ruston's allegations were merely conclusory, and presented no claim that he was in danger of physical injury. The court therefore dismissed the complaints, eventually imposing additional sanctions because Ruston persisted in filing frivolous complaints without demonstrating a true imminent danger of physical injury under the three-strikes provision.[11]

---

[9]  28 U.S.C.S. § 1915(h) (2008) (emphasis added).

[10]  *See Ruston*,  2007 WL 2332393, * 1.

[11]  *See id*. at *2.

The Tenth Circuit has found similarly vague and conclusory allegations to be insufficient to bring a prisoner within the "imminent danger" exception to section 1915(g).[12]  If a prisoner could overcome the "three strikes" provision through unsupported allegations of "imminent danger," the provision would serve no purpose.  Accordingly, the Court concludes that Ruston has failed to raise a credible allegation of imminent danger of serious physical harm, and, therefore, he does not come within the exception to section 1915(g).

### ORDER

Ruston is not eligible to proceed without prepaying the filing fee in this case because he has filed three or more cases in federal court which have been dismissed as frivolous, and the complaint does not fall within the three-strikes exception.  Therefore, Ruston is **DENIED** leave to proceed without prepayment of fees.  He is **ORDERED** to pay the entire $350 statutory filing fee within thirty days of the date of this order.  Failure to do so will result in the dismissal of the complaint.

DATED this 8th day of April, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[12] *See White*, 157 F.3d at 1231-32.